## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

COURTNEY SMITH, *a/k/a*
COURTNEY ALEXANDER,

    Plaintiff,

v.

FORD FIELD MANAGEMENT, LLC,

    Defendant.

Case No.: 2:24-cv-12065-JJCG-APP

Hon. Jonathan J.C. Grey

| **NACHTLAW, P.C.** | **BODMAN PLC** |
|---|---|
| David A. Nacht (P47034) | Gary S. Fealk (P53819) |
| Grace Cathryn Cretcher | Cameron D. Ritsema (P86887) |
| Alysa J. Wiggins (P88205) | 201 W. Big Beaver Road, Ste. 500 |
| 501 Avis Drive, Suite 3 | Troy, MI 48084 |
| Ann Arbor, MI 48108 | (248) 743-6060 |
| dnacht@nachtlaw.com | gfealk@bodmanlaw.com |
| gcretcher@nachtlaw.com | critsema@bodmanlaw.com |
| awiggins@nachtlaw.com | *Attorneys for Defendant Ford Field* |
| *Attorneys for Plaintiff* | *Management, LLC and for Non-Party* |
| | *Steven Hamp* |

## NON-PARTY STEVEN HAMP'S REPLY TO PLAINTIFF'S RESPONSE TO NON-PARTY STEVEN HAMP'S MOTION TO QUASH NOTICE OF DEPOSITION OF STEVEN HAMP

### I.    Mr. Hamp has no relevant knowledge or information regarding the claims at issue.

As stated in the Motion (ECF No. 16) "a party issuing a subpoena to a third party under Rule 45 must 'take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(c)(1). Plaintiff fails to meet this requirement. Under FRCP 26(b)(2)(C)(i), the Court must limit the scope of

4910-0839-7647_1

discovery if it is unreasonably cumulative or duplicative, or that it can be obtained from another source that is more convenient, less burdensome, or less expensive. (ECF No. 16, PageID.121-122). <u>Plaintiff does not deny nor contest these requirements</u>. Additionally, "[t]he status of a person as a non-party is a factor that weighs against disclosure." (*Id.*, PageID.122). There are numerous cases cited in the Motion which have "denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation." (*Id.*, PageID.122). <u>The Response does not discuss, describe, or refute any of these cases</u>.

Here, Mr. Hamp has no personal knowledge relevant to the claims at issue, and believes that the primary purpose in seeking to depose him is to harass and annoy him, which would cause him an undue burden (as described in detail within the Motion). **See Declaration of Steven Hamp (Exhibit A).** Regardless of Mr. Hamp's <u>limited</u> involvement with the Culture Task Force (the precursor to the creation of the Diversity, Equity, Inclusion and Belonging Council ("DEIB Council")) at its inception, the workings of the DEIB Council have no connection with Plaintiff's wrongful termination claims. There is no allegation that Mr. Hamp (and/or the DEIB Council itself) had any input or role in Plaintiff's termination. Moreover, there is no allegation that Mr. Hamp had any significant role in the DEIB Council. Plaintiff

4910-0839-7647_1

testified: "[m]aybe he joined one Zoom call. I didn't know he was an official part of the committee." (Smith Dep. 134:13-14).

The only allegation in the Complaint related to the DEIB Council is that Plaintiff questioned the racial make-up of the DEIB Council. This assertion has no relevance to the allegations of Plaintiff's wrongful termination and even if it did, Mr. Hamp's limited participation on the Culture Task Force does not justify deposing him on the DEIB Council's racial make-up or other workings of that committee. Contrary to Plaintiff's position that "[t]here is no 'less burdensome' way to obtain the requested material and testimony, or another party to obtain this information from" (ECF No. 19, PageID.147), this is obviously false. Plaintiff deposed Lindsey Verstegen, Defendant's Chief People and Diversity Officer on June 20, 2025. **See Re-Notice of Deposition (Exhibit B).** Ms. Verstegen leads Defendant's people and inclusion efforts and served as the chairperson of the DEIB Council. Given the taking of Ms. Verstegen's deposition, there is no justification to seek a non-party's deposition who Plaintiff  claims "maybe" "joined one Zoom call." (Smith Dep. 134:13-14).

The Response also asserts "Mr. Hamp's [has] unique testimony and documentation." (ECF No. 19, PageID.147-148).  Mr. Hamp most certainly <u>does not possess</u> unique knowledge or documentation regarding the lawsuit herein. As confirmed in his Declaration, Mr. Hamp "does not have any relevant knowledge,

information, or documents regarding Plaintiff, or the instant litigation action." **See Declaration of Steven Hamp at ¶ 8**.

### II.    The DEIB Council Bears no Relevance to Plaintiff's Complaint

Plaintiff's Response alleges that the underlying lawsuit "arises out of the termination of Plaintiff['s] … employment as Director of Guest Services with Defendant." (ECF No. 19, PageID.140). Paragraph 33 of the Complaint alleges that "[i]n September of 2021, Defendant created a [DEIB Council], 2/3 of the members of which were white, with the stated goal of making the organization more inclusive." (ECF No. 1, PageID.6, ¶ 33). The Complaint also asserts that "Plaintiff …was also treated materially less favorably than the other, younger and/or white Directors." (*Id.*, PageID.6, ¶ 37).  Pertaining specifically to her race claims under Title VII and the ELCRA, the Complaint alleges that "[b]ias against people of color was a motivating factor behind Defendant's discriminatory treatment of Plaintiff, up to and including her termination." (*Id.*, PageID.13 and PageID.17, ¶¶ 78, 108).

While Plaintiff references her "termination" as the source of alleged discriminatory treatment, she does not mention the DEIB Council as a source of discriminatory treatment, nor does she allege that her involvement in the DEIB Council culminated in any sort of adverse action against her. Quite the opposite. Plaintiff acknowledged that she participated in the DEIB Council ("Plaintiff volunteered to become a member of the committee and shared her hope that

Defendant would hire more people of color.") (*Id*., PageID.6, ¶ 34).  Plaintiff further alleges that she "voiced her concerns" regarding the racial make-up of Defendant's employees with Chief Diversity Officer Lindsay Verstegen." (*Id.*, PageID.6, ¶ 36). None of these allegations have anything to do with Mr. Hamp.

### III.   Plaintiff Mischaracterizes Defendant's Citation to the Apex Doctrine.

The Response asserts that "[t]he basis of Mr. Hamp's present Motion rests upon a doctrine that the Sixth Circuit has not adopted: the apex doctrine." (ECF No. 19., PageID.142). This is a mischaracterization – the Motion quite clearly asserted the apex doctrine as an alternative argument <u>in the event that Plaintiff contended that Mr. Hamp was an officer, agent, or representative of Defendant</u>. (ECF No. 16, PageID.124). The Motion is primarily based on FRCP 26(c) and the undue burden to Mr. Hamp as evidenced in the present Reply and in detail within the Motion.

Concerning the apex doctrine, however, Plaintiff concedes Mr. Hamp "is simply married to Sheila Ford Hamp". (ECF No. 19, PageID.143). Plaintiff does not show how Mr. Hamp possesses unique, personal knowledge regarding relevant facts of the case that Plaintiff could not obtain elsewhere without unduly burdening a non-party (Mr. Hamp) to the litigation. Aside from the assertion that the Sixth Circuit "has not adopted" (*Id.,* PageID.143) the apex doctrine, courts within the Sixth Circuit apply the strictures of FRCP 26(c)(1), and frequently do so, including in determining to deny motions to compel discovery and/or motions to quash subpoenas, and

5

particularly when these discovery mechanisms are directed to non-parties and/or where the discovery sought was obtainable from a party to the litigation.

## IV.    Plaintiff Mischaracterizes the  Deposition Testimony

Plaintiff contends that "according to Defendant's own counsel, Mr. Hamp is an 'important' board member of Defendant's DEI Council." (ECF No. 19, PageID.144). That is not what Defendant's counsel said.  In the context of discussing the racial makeup of the DEIB Council" – which Plaintiff referred to in the Complaint (ECF No. 1, PageID.6, ¶ 33), there was a broad line of questioning related to ethnicity, job position, and involvement of at least ten participants of the DEIB Council. (Courtney Alexander a/k/a Courtney Smith Deposition Transcript ("Smith Dep.") 131:19 – 134:25) (**Exhibit C**). The limited portion of the DEIB Council questions relating to Mr. Hamp were the following:

> Q: "Who is Steven Hamp?"
> A: "Mr. Ford."
> Q: "That's Sheila's husband. And Sheila, she's the one that owns the team, right?"
> A: "Yes."
> Q: "Kind of important to have him on the DEI Committee, right?"
> A: **"I don't recall. Maybe he joined one Zoom call. I didn't know he was an official part of the committee**."

(Smith Dep. 134:4-14 – emphasis added). Defendant's counsel's statement was related to Defendant's support of the DEIB Council (through Ms. Hamp-Ford's husband's participation in the Culture Task Force when it was first initiated) and is

6

clearly not an admission or assertion that he had any role in "carrying out the DEI Council's mission to create a diverse and equitable workplace[]" (ECF No. 19., PageID.145), or of Mr. Hamp's purported knowledge of "Defendant's demographics and diversity and inclusion practices" (*Id.*, PageID.145) as alleged by Plaintiff (which, even if true, are not relevant to Plaintiff's claims within the instant lawsuit).

## CONCLUSION

For the foregoing reasons, Non-Party Steven Hamp respectfully requests that this Court grant his Motion to Quash Plaintiff's Notice of Taking Deposition of Steven Hamp Deuces [sic] Tecum and Subpoena Duces Tecum, enter a protective order barring any further efforts to seek discovery from Mr. Hamp, and award Mr. Hamp his fees and costs necessitated by this Motion.

Date:  June 23, 2025                    Respectfully submitted,

**BODMAN PLC**

By: */s/ Cameron D. Ritsema*
Gary S. Fealk (P53819)
Cameron D. Ritsema (P86887)
201 W. Big Beaver, Suite 500
Troy, MI 48084
(248) 743-6000
gfealk@bodmanlaw.com
critsema@bodmanlaw.com
*Attorneys for Defendant Ford Field Management, LLC and for non-party Steven Hamp*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 23, 2025, Non-Party Steven Hamp's Reply to Plaintiff's Response to Non-Party Steven Hamp's Motion to Quash Notice of Deposition of Steven Hamp was filed with the Court Clerk via ECF system e-filing system which will give notice of such filing to all parties of record.

*/s/ Cameron D. Ritsema*
Cameron D. Ritsema

4910-0839-7647_1